**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZHI QIANG ZHAO,

    Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

    Respondent.

No. 06-74150

Agency No. A079-658-680

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:  BEEZER, TROTT, and BYBEE, Circuit Judges.

  Zhi Qiang Zhao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

KN/Research

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007), we deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding because Zhao's testimony regarding an alleged list of corrupt government officials was confusing and unresponsive, *see Shrestha v. Holder*, 2010 WL 10982, *8 (9th Cir. Jan. 5, 2010) (unresponsiveness is one of the circumstances the Real ID Act entitles the agency to consider in assessing credibility), and he failed to corroborate his testimony by producing the list, which he testified his friend possessed, *see* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1252(b)(4) ("[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable"); *Aden v. Holder*, 2009 WL 4877951, *3 (9th Cir. Dec. 18, 2009) (an applicant can be faulted for failing to provide corroboration when he "could reasonably obtain it."). In the absence of credible testimony, Zhao failed to establish he is eligible for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Zhao's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if he returned to China, his CAT claim fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**